1
2
3
4
5
6        **UNITED STATES DISTRICT COURT**
7           **DISTRICT OF NEVADA**
8
9   MICHAEL MCINERNEY,
10         Petitioner,                    Case No. 3:07-CV-00037-LRH-(RAM)
11   vs.                                  **ORDER**
12   DONALD HELLING, et al.,
13         Respondents.
14
15         Petitioner has submitted an Affidavit (#43), which the Court construes as an application to
16   proceed in forma pauperis on appeal.  The Court finds that Petitioner is unable to pay the appellate
17   filing fee.
18         Petitioner also has submitted an Application for Certificate of Appealability (#40). To appeal
19   the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of
20   appealability, after making a "substantial showing of the denial of a constitutional right."  28 U.S.C.
21   §2253(c).
22              Where a district court has rejected the constitutional claims on the
                merits, the showing required to satisfy §2253(c) is straightforward:
23              The petitioner must demonstrate that reasonable jurists would find the
                district court's assessment of the constitutional claims debatable or
24              wrong.
25   Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th
26   Cir. 2000).
27         Before trial, Petitioner was found to be incompetent, was treated, and was then found to be
28   competent.  Ground 1 was a claim that trial counsel was ineffective for not moving for a second

determination of competency.  The Nevada Supreme Court determined that no evidence was before trial counsel that would have led him to conclude that a second competency hearing was necessary. This Court determined that the Nevada Supreme Court's ruling was a reasonable application of clearly-established federal law.  In his Application (#40), Petitioner argues, "The court addressed ground one only as a procedural competency claim, but not as a substantive competency claim.  This was in error."  The Court cited the correct decision of the Supreme Court of the United States for when a trial court would need to determine whether a criminal defendant is competent, Drope v. Missouri, 420 U.S. 162 (1975).  Likewise, Strickland v. Washington, 466 U.S. 668 (1984), is the governing decision of the Supreme Court regarding the effectiveness of counsel's assistance.  Jurists of reason would not disagree that the state courts identified the correct standards.  However, jurists of reason might dispute whether the state courts' applications of those standards were reasonable, and the Court certifies that issue as appealable.

The issue regarding Ground 2 is based upon some misunderstandings of the facts.  Despite Petitioner's argument to the contrary, counsel's strategy of an intoxication defense was successful, because ultimately Petitioner's conviction for attempted murder was overturned.  Despite Petitioner's argument to the contrary, the records from the Mohave County mental health office do not show schizophrenia, but depression and drug abuse.  Finally, despite Petitioner's argument to the contrary, the Court is aware of the report from the Lakes Crossing mental health facility that Petitioner needed treatment to become competent.  That report occurred after Petitioner's attack upon Edwin Hickman.  At pages 6-7, the Court was discussing the Nevada Supreme Court's note that Petitioner had not been diagnosed as schizophrenic before he attacked Hickman, as part of that Court's holding as to why counsel did not investigate and present an insanity defense.  Nonetheless, jurists of reason might find this Court's findings debatable, and the Court certifies this issue as appealable.

In Ground 3, the Court ruled that the preliminary hearing testimony of Edwin Hickman was admissible at trial because Hickman was cross examined at the preliminary hearing.  See Crawford v. Washington, 541 U.S. 36 (2004).  Reasonable jurists would not find this conclusion to be debatable.

1    Ground 4 was a claim that the correction of Petitioner's sentence violated the Double

2    Jeopardy Clause of the Fifth Amendment.  The sentence that the state district court first imposed

3    was illegal because it lacked the equal and consecutive sentence for the use of a deadly weapon, as

4    required by Nev. Rev. Stat. § 193.165.  The state district court corrected that error during the post-

5    conviction proceedings by adding the required equal and consecutive sentence.  This Court

6    determined that a correction of an illegal sentence does not violate the Double Jeopardy Clause,

7    even when the correction results in an increased sentence.  See Bozza v. United States, 330 U.S.

8    160, 166-67 (1947).  Reasonable jurists would not find this conclusion to be debatable.

9    Petitioner takes exception to the Court's statement that it is not concerned with the Nevada

10   Supreme Court's decision in Miranda v. State, 956 P.2d 1377 (Nev. 1998), because the relief that

11   the Nevada Supreme Court granted was based upon the Nevada Constitution.  This Court may grant

12   relief "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or

13   treaties of the United States."  28 U.S.C. § 2254(a).  The interpretation of the Nevada Constitution

14   in Miranda simply is not an issue before this Court.  Reasonable jurists would not find this

15   conclusion to be debatable.

16   IT IS THEREFORE ORDERED that Petitioner's application to proceed in forma pauperis

17   on appeal, which the Court construes from his Affidavit (#43) is **GRANTED**.  Petitioner need not

18   pay the appellate filing fee.

19   IT IS FURTHER ORDERED that Petitioner's Application for Certificate of Appealability

20   (#40) is **GRANTED** in part on the following issues:

21       1.    Whether the Court was correct in its ruling that trial counsel did not provide
         ineffective assistance by not moving for a second competency hearing before trial;
22       and

23       2.    Whether the Court was correct in its ruling that trial counsel did not provide
         ineffective assistance by not investigating Petitioner's mental health and psychiatric
24       history at the time of Petitioner's attack upon Edwin Hickman.

25   DATED this 22nd day of June, 2009.

26

27                                                        _____
                                                          LARRY R. HICKS
28                                                        UNITED STATES DISTRICT JUDGE

-3-